**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH E. GLEASON, SR.,<br><br>     Plaintiff,<br><br>     v.<br><br>LIEUTENANT JONES, et al.,<br><br>     Defendants. | CIVIL ACTION NO. 1:15-CV-00077<br><br>(RAMBO, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon the Plaintiff's motion for a temporary restraining order. (Doc. 17). For the reasons stated herein, it is recommended that the motion be denied.

I. **BACKGROUND**

On January 12, 2015, the Court received a *pro se* complaint against the Defendants in which the Plaintiff, Joseph E. Gleason, Sr., alleged a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. Along with his complaint, Gleason filed a "Statement of Claim" in which he further details his claims. (Doc. 5). In his complaint, Gleason alleges that he has been subjected to verbal harassment from Lieutenant Jones. (Doc. 1). He seeks relief in the form of money damages and a transfer from SCI- Houtzdale to an institution closer to his family. (Doc. 1, at 3).

On April 22, 2015, Gleason filed the instant motion for a temporary restraining order, seeking an order directing that he be transferred to another institution on the basis that he continues to be subject to harassment, threats, and intimidation from Defendant Jones. (Doc. 5). He also claims that the unit manager of the prison, a non-defendant, refuses to assign him to

a dorm consisting of only Caucasian inmates despite his allegations that the African American inmates he is currently housed with have broken into his locker. (Doc. 17, at 2).

## II. DISCUSSION

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). Moreover, issuance of such relief is at the discretion of the trial judge. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain*, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: "(1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest." *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003); *see also Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."). It is the moving party who bears the burden of satisfying these factors. *Bell*, 238 F. Supp. 2d at 699. "Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

"[A]n essential prerequisite to the grant of a preliminary injunction is a showing by the movant of irreparable injury *pendente lite* if the relief is not granted."[1] *United States v. Pennsylvania*, 533 F.2d 107, 110 (3d Cir. 1976). A preliminary injunction "may not be used simply to eliminate a possibility of a remote future injury." *Holiday Inns of Am., Inc. v. B&B*

---

[1] *Pendente lite* is a Latin term meaning "while the action is pending" or "[d]uring the proceeding or litigation." *Black's Law Dictionary* 1154 (7th ed.1999).

*Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). "[T]he irreparable harm must be actual and imminent, not merely speculative." *Angstadt ex rel. Angstadt v. Midd-West Sch.*, 182 F. Supp. 2d 435, 437 (M.D. Pa. 2002). "[M]ore than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat ....'" *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted). "A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent *future* irreparable harm." *Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997) (emphasis in original).

Moreover, "[t]he 'requisite feared injury or harm must be irreparable — not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)). "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the *only* way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) (emphasis added). "The key word in this consideration is ***irreparable***.... The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (emphasis in original).

In reviewing the complaint and the motion papers, it is clear that no immediate irreparable injury is alleged. These materials fail to articulate a presently existing actual threat of irreparable injury, outlining nothing more than a speculative *possibility* of future harm, based upon generalized allegations of verbal harassment by a correctional officer, and of misconduct

with respect to his assigned cellmates. Such generalized allegations are insufficient to establish a "clear showing of immediate irreparable injury." See Continental Grp., 614 F.2d at 359; Hendricks v. Hazzard, No. 2:11-cv-399, 2013 WL 2635729, at *5 (S.D. Ohio June 12, 2013) (finding that allegations of ongoing general harassment and threats, and allegations of specific threats of physical harm that were never acted upon, were insufficient to demonstrate imminent irreparable harm).

Moreover, notwithstanding Gleason's allegations that he is a victim of continual threats and intimidation by Defendant Jones and his cellmates, Johnson has not articulated any injuries he may have suffered as a result of the alleged misconduct, thus failing to make a "clear showing of immediate irreparable injury" required to establish irreparable harm. See Continental Grp., 614 F.2d at 359; White v. Corr. Med. Servs., No. 1:08-CV-277, 2009 WL 529082, *8 (W.D. Mich. Mar. 2, 2009) (finding conclusory statements regarding plaintiff's alleged injuries and treatment, without evidentiary support, were insufficient to demonstrate irreparable injury).

### III.   RECOMMENDATION

Based on the foregoing, it is recommended that the motion for a temporary restraining order (Doc. 17), be **DENIED**.

BY THE COURT:

Dated: May 11, 2015

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH E. GLEASON, SR., <br><br> Plaintiff, <br><br> v. <br><br> LIEUTENANT JONES, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:15-CV-00077 <br><br> (RAMBO, J.) <br> (MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 11, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: May 11, 2015**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**