UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH E. GLEASON, SR., <br><br> Plaintiff, <br><br> v. <br><br> LIEUTENANT JONES, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:15-CV-00077 <br><br> (RAMBO, J.) <br> (MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

On January 12, 2015, Plaintiff Joseph Gleason, proceeding *pro se*, filed this action for damages and injunctive relief pursuant to 42 U.S.C. § 1983, (Doc. 1), asserting that Defendant prison officials harassed Gleason in violation of his constitutional rights. At all times relevant to the complaint, Gleason has been incarcerated at SCI Houtzdale, located in Clearfield County, Pennsylvania. Gleason asserts claims against Defendants employed as prison officials and staff at SCI Houtzdale, which is located in the Western District of Pennsylvania. All claims alleged in the complaint are based on events that occurred while Gleason has been confined at SCI Houtzdale. None of the people, property, or events described in the complaint appear to have any connection to this federal judicial district, the Middle District of Pennsylvania.

Title 28 U.S.C. § 1391(b) provides that:

> A civil action may be brought in (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .

It is well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been

brought. 28 U.S.C. § 1404(a); *Sanford v. Pennsylvania Bd. of Prob. & Parole*, No. 13-3064, 2014 WL 47485, at *1 (M.D. Pa. Jan. 7, 2014). The United States Supreme Court, in *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960), recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the Plaintiff.

Based upon the Court's review of the facts alleged in the complaint, it is recommended that this action be transferred to the United States District Court for the Western District of Pennsylvania. Gleason indicates that he is presently confined at SCI Houtzdale, which is located within the jurisdiction of the United States District Court for the Western District of Pennsylvania. Furthermore, Gleason notes in his complaint that the events and proceedings giving rise to the filing of this action occurred at SCI Houtzdale. It is apparent that the convenience of the parties and the interests of justice would be best served by transferring this matter to the judicial district wherein the Plaintiff is incarcerated and the related state court proceedings and events transpired.

For the foregoing reasons, **IT IS RECOMMENDED THAT** this matter be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

> BY THE COURT:

**Dated: February 24, 2016**              *s/ Karoline Mehalchick*
                                        **KAROLINE MEHALCHICK**
                                        **United States Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH E. GLEASON, SR., <br><br> Plaintiff, <br><br> v. <br><br> LIEUTENANT JONES, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:15-CV-00077 <br><br> (RAMBO, J.) <br> (MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **February 24, 2016**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: February 24, 2016**                                  *s/ Karoline Mehalchick*
                                                              **KAROLINE MEHALCHICK**
                                                              **United States Magistrate Judge**